IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID TERRENCE STEPHENS,
D.O.C. # 059682,

    Plaintiff,

vs.                               Case No. 4:16cv316-WS/CAS

JULIES JONES, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    This case was initiated by David Terrence Stephens on March 18, 2016. This is the fourth case submitted by Mr. Stephens this year. On January 5, 2016, Mr. Stephens initiated case number 4:16cv05-WS/GJ. It was dismissed on February 1, 2016, because Mr. Stephens is a "three striker" and his complaint was "devoid of specific factual allegations" which would show he faced "imminent danger of serious physical injury at the time the complaint was filed." ECF No. 7 of that case.

    Just 10 days later, on February 11, 2016, Mr. Stephens initiated case number 4:16cv88-MW/CAS. It was dismissed on March 11, 2016, also

because Mr. Stephens had "three strikes" and did not show he was under "imminent danger of serious physical injury" as required by 28 U.S.C. § 1915(g).

One week later, Mr. Stephens filed his third civil rights complaint in case number 4:16cv173-MW/CAS. That case was just recently dismissed on May 17, 2016, because Mr. Stephens did not meet the § 1915(g)[1] exception. The complaint filed in this, his fourth case, ECF No. 1, appears to be nearly identical to the complaint filed in case number 4:16cv173. The complaint in that case was against 79 Defendants,[2] located between the Department of Corrections' Central Office, Avon Park Correctional Institution, Okeechobee Correctional Institution, Liberty Correctional Institution, and Orlando, Florida. In this case, the complaint is against 77 Defendants, 76 of whom are the same as in Mr. Stephens' third case.

---

[1] Section 1915(g) provides that a prisoner may not proceed with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[2] The complaint submitted in the second case was also against 79 Defendants and included an identical listing of Defendants as was presented in the third case. The statement of facts was re-written, but was a shotgun pleading which failed to show he faced imminent danger from any of the multitude of Defendants located at numerous Correctional Institutions across the State of Florida.

One of the named Defendants is a state court judge, another is a statewide prosecutor, and another is an assistant state attorney. Because so many Defendants are not physically located with Mr. Stephens, he cannot be in "imminent danger of serious physical injury."

Despite having three prior actions dismissed under § 1915(g), and having been warned that his shotgun pleadings are not sufficient to proceed, Mr. Stephens has continued to submit the same complaint previously rejected. His complaint spans a wide range of time, beginning in 1998 and still does not include factual allegations more recent than 2014. The complaint is still not limited to any specific claim of imminent physical injury. There is no need to give this pleading more than a cursory review as Mr. Stephens has made no effort to present a short and plain statement of his claim, supported by clear factual allegations, which show he is under imminent danger of serious physical injury as required by Rule 8(a) and 28 U.S.C. § 1915(g).

**RECOMMENDATION**

It is recommended that this case be dismissed sua sponte pursuant to 28 U.S.C. § 1915(g). Mr. Stephens has accumulated more than "three

strikes" under § 1915(g)[3] and has not demonstrated that he is in imminent danger of serious physical injury. In dismissing this case and denying the motion for in forma pauperis status, ECF No. 2, all other pending motions should also be dismissed. Dismissal should be without prejudice, to the degree Mr. Stephens may re-file a complaint that complies with Rule 8(a), and pays the full $400.00 filing fee at the time of case initiation.

In the alternative, if Mr. Stephens believes he is in imminent danger of serious physical injury from a specific person, he must file a new case, submitting a proper complaint which is limited to no more than ten pages. The complaint must present clear and legible factual allegations demonstrating the reason he is in danger from a specific Defendant who is physically located with Mr. Stephens, and the factual allegations must be of recent events.

It is respectfully **RECOMMENDED** that the motion for in forma pauperis status, ECF No. 2, be **DENIED**, this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g), and all other pending motions be

---

[3] The cases filed by Mr. Stephens and dismissed by the Middle District of Florida as either frivolous, malicious, or for failure to state a claim include case no. 6:01cv1512, case no. 6:04cv695, case no. 6:04cv811, case no. 8:06cv319, case no. 6:07cv536, case no. 8:09cv194, and case no. 8:11cv1342. *See* case no. 8:13cv1397. Additionally, Mr. Stephens has had cases dismissed under § 1915(g) including case no. 8:14cv1861, case no. 8:14cv553, and case no. 8:13cv1397.

Case No. 4:16cv316-WS/CAS

**DENIED**.  It is further recommended that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on June 7, 2016.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**